UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS HARRIS,

                        Plaintiff,                    **SUA SPONTE**
                                                           **REPORT &**
  -against-                                       **RECOMMENDATION**

                                                           CV 14-6272 (RRM) (AYS)

PATHMARK STORES, INC.,

                        Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiff, Thomas Harris ("Harris" or "Plaintiff"), commenced this action in the State Court of the State of New York on August 19, 2014 against his employer, Defendant Pathmark Stores, Inc. ("Pathmark" or "Defendant"), alleging discrimination on the basis of race, religion and gender, in violation of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq. Specifically, Plaintiff's Complaint alleges that his co-worker, who is Caucasian, subjected him to a hostile work environment based on Plaintiff's race, which is African-American, and his religious beliefs – Plaintiff is a "devout" Baptist Christian – by repeatedly making lewd and inappropriate sexual remarks during work and ridiculing Plaintiff's religious beliefs. (Compl. ¶¶ 8-24, 29.) Plaintiff alleges that despite making complaints to management, nothing was done to remedy the situation. (Id. ¶¶ 25-30.) Plaintiff further alleges that he has been subject to disparate treatment by Defendant as a result of his race. (Id. ¶ 31.)

      There has been no significant activity in this action since Defendant's filing of bankruptcy in July 2015. Indeed, Plaintiff's counsel has failed to respond to numerous orders for status reports and has not reported anything to the Court since January 2017. Defendant, on the other hand has indicated that there would be no change in its bankruptcy status, which was

1

liquidation, and notes that Plaintiff's status as a general unsecured creditor would make him unable to move forward with his claims." (DE [34].) For the reasons set forth below, this Court respectfully recommends that this action be dismissed, with prejudice.

## BACKGROUND

Plaintiff commenced this action, through counsel, on August 19, 2014 in New York Supreme Court, Suffolk County. (Compl., Docket Entry ("DE") [1-1].) Defendant removed the action to this Court on October 27, 2014, on the basis of diversity jurisdiction, (DE [1]). It filed an Answer to Plaintiff's Complaint on December 3, 2014. (DE [7].)

An initial conference was held before the then-assigned Magistrate Judge on January 8. 2015, setting a discovery schedule for the action. (DE [16].) The case was reassigned to the undersigned on March 18, 2015, and this Court granted the parties' request to extend discovery on July 7, 2015, with discovery set to close on October 16, 2015. (Electronic Order dated July 7, 2015.)

On July 27, 2015, Defendant filed a suggestion of bankruptcy upon the record as to The Great Atlantic & Pacific Tea Co., Inc., of which Defendant is a wholly owned subsidiary. (DE [24].) As a result of the bankruptcy, this action was stayed and Defendant was directed to file a letter as to the status of the bankruptcy by December 2, 2015. (DE [26].)

By letters dated December 2, 2015 and April 1, 2016, Defendant advised the Court that the bankruptcy proceeding was ongoing and had not yet been resolved. (DE [28], [32].) On September 26, 2016, Plaintiff advised the Court that Defendant's bankruptcy was still proceeding and that Plaintiff did not intend to pursue this action until further order of the bankruptcy court. (DE [33].) Then-assigned District Judge Bianco directed the parties to provide a further status report by December 23, 2016. (Electronic Order dated Sept. 30, 2016.)

By letter dated December 23, 2016, Defendant advised the Court there would be "no change regarding the bankruptcy proceedings from here on out, and, accordingly, Plaintiff here [would] be unable to move forward with his claims," given that his claim is a general, unsecured one and Defendant was in the process of liquidating. (DE [34].) On January 3, 2017, Judge Bianco directed Plaintiff to respond to Defendant's assertion and advise whether Plaintiff intended to pursue this action by January 27, 2017. (Electronic Order dated Jan. 3, 2017.) By letter dated January 27, 2017, Plaintiff advised the Court that since the automatic stay was still in place regarding the within action, it was Plaintiff's "intention to await the outcome of Defendant's bankruptcy proceeding and direction from the Bankruptcy Court regarding creditor status." (DE [36].)

On April 6, 2018, Judge Bianco directed Plaintiff to provide a status report by April 13, 2018. (Electronic Order dated Apr. 6, 2018.) Plaintiff did not respond to the Court's Order.

By Order dated May 31, 2018, Judge Bianco noted Plaintiff's failure to respond to the prior court order and directed Plaintiff to provide a status report by June 8, 2018. (Electronic Order dated May 31, 2018.) Plaintiff failed to respond to that Order as well.

On November 6, 2018, Judge Bianco noted Plaintiff's failure to comply with his two previous orders for status reports and directed Plaintiff to provide a status report by November 20, 2018. (Electronic Order dated Nov. 6, 2018.) No response was received from Plaintiff.

On May 30, 2019, this action was reassigned to District Judge Mauskopf. By Order dated December 9, 2019, this Court noted that Plaintiff had failed to respond to status report orders issued by Judge Bianco on April 6, 2018, May 31, 2018, and November 6, 2018. The Court further noted that there had been no contact with the Court by Plaintiff since January 27, 2017. The Court directed Plaintiff to file a status report on or before December 23, 2019,

advising as to the status of Defendant's bankruptcy and whether Plaintiff intends to proceed with the within action in light of Defendant's December 23, 2016 letter stating that there will be no change in the bankruptcy proceedings from here on out and, therefore, Plaintiff will be unable to move forward with this action. Finally, this Court warned Plaintiff that failure to comply with its Order may result in a recommendation to the assigned District Judge that this action be dismissed for failure to prosecute. (Electronic Order dated Dec. 9, 2019.) To date, Plaintiff has not provided any response to the Court's December 9, 2019 Order. Nor has the Plaintiff or his counsel communicated with this Court in any way with respect to this action.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;

- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to respond to multiple court orders – whether by this Court or the District Court – since January 27, 2017. In fact, there has been no communication of any kind by Plaintiff since that date. Plaintiff has been specifically warned that failure to comply with this Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (Electronic Order dated Dec. 9, 2019.) Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since its inception, Plaintiff has failed to advance this litigation in any substantial manner.

At this time, the Court is unable to communicate with Plaintiff. While the Court is aware that this action was subject to an automatic stay as a result of Defendant's bankruptcy, Plaintiff has failed to take issue with the asserted fact that Plaintiff is an unsecured creditor who is not able to pursue his claim. Instead, counsel has demonstrated an utter disregard of court orders which demonstrates a complete lack of interest in prosecuting this action.

In view of the foregoing facts, and the three-year lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
       March 12, 2020

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge